# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR405-21 |
| | ) |
| BRUCE TIMOTHY JONES, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress. Doc. 26. The government has filed a response in opposition to the motion. On May 11, 2005, the Court held an evidentiary hearing where the government presented the testimony of Detective Joey Warenzak of the Savannah-Chatham Metropolitan Police Department ("SCMPD") and the defendant presented the testimony of retired Recorder's Court Judge Charles Brooks. For the reasons that follow, the Court recommends that the motion to suppress be DENIED.

# I.   BACKGROUND

In early September 2004, Detective Warenzak was investigating drug trafficking and executed an affidavit in application for a search warrant to search defendant's residence.   In his affidavit, Detective Warenzak explained on that August 29, 2004, a confidential informant ("CI") advised him that defendant possessed three pounds of packaged marijuana.  The CI stated that he had personally observed the drugs in defendant's residence less than 2 days before.  Based on this information, Detective Warenzak conducted surveillance on defendant's residence and observed suspected drug activity.  In order to insure the identity of the person the CI was accusing, Detective Warenzak had the CI make a photo identification of defendant, and Detective Warenzak checked the utility records to the residence, which showed that the utilities were registered to defendant.

In his affidavit, Detective Warenzak described this CI as reliable based on his past record as an informant with the SCMPD. Specifically, Detective Warenzak explained that the CI had made approximately 100 purchases of crack cocaine, powder cocaine, and marijuana, which led to 23 separate search warrants.  The information given by this CI had also led to the

arrests of approximately 30 persons, the seizure of approximately 36 ounces

of cocaine, over 15 pounds of marijuana, $10,500.00 in United States

currency, and 9 firearms. Detective Warenzak further stated that he had

never known this CI to be wrong.

Detective Warenzak presented his affidavit in application for search

warrant to Recorder's Court Judge Charles Brooks, who found sufficient

probable cause for issuance of a search warrant. The search warrant and

the affidavit were signed, and bear the date September 3, 2004. Detective

Warenzak testified at the hearing that Judge Brooks misdated the search

warrant and affidavit, and he stated that they were actually presented to

the judge and signed on September 2, 2004. Judge Brooks also testified and

stated that he had no recollection of the search warrant or affidavit and

acknowledged that he does sometimes make mistakes.

A search of defendant's residence was conducted on September 2,

2004. A disguised police officer knocked on the door to ensure that

defendant was at home. The officers then returned, knocking on the door,

announcing police presence, and stating that they had a warrant to search

the premises. No one answered the door, but the officers heard footsteps

running through the house. Believing that the individuals inside could either be fleeing the scene or destroying evidence, they forced open the door. The officers discovered defendant in a bedroom in the center of the house. He was immediately handcuffed. Officers proceeded throughout the rest of the residence to look for other individuals and found two females hiding in the shower stall of a back bedroom. All individuals were secured in the living room while the officers performed their search. The search revealed 4.5 pounds of marijuana in the couch of the middle bedroom where defendant had been found. The officers also recovered two firearms – one on the couch where the drugs were discovered, the other inside the couch with the drugs. Also found were two sets of digital scales and over $6,000.00 in cash.

Defendant and the two females were arrested. At the police station, officers read defendant his <u>Miranda</u> rights. Detective Warenzak stated that defendant appeared to understand those rights. Defendant informed Detective Warenzak that he was college educated. Defendant did not appear to be under the influence of any intoxicants. When Detective Warenzak questioned defendant about the drugs and guns, defendant

claimed ownership. Defendant also admitted that some of the money found was drug proceeds.

Defendant was subsequently indicted by a federal grand jury on one count of possession of a firearm by a convicted felon. Defendant now seeks suppression of the firearms found in his residence.

## II.   ANALYSIS

In his motion to suppress, defendant makes four arguments: (1) that the search warrant was not secured prior to the search of defendant's residence; (2) that exigent circumstances did not exist to authorize a warrantless search; (3) probable cause for the issuance of the warrant did not exist; and (4) the affidavit contains false information. The Court will address each of defendant's arguments in turn.

### A.   Date of the Search Warrant

The parties agree that the search of defendant's residence was performed on September 2, 2004. However, the search warrant and the affidavit in application for search warrant are dated September 3, 2004. Based on these bare facts, it does appear that the search was conducted

before the warrant was actually issued. However, the government contends that the search warrant and affidavit were in fact signed on September 2, 2004 and that Judge Brooks simply inscribed the wrong date on them. Detective Warenzak testified that the items were presented to Judge Brooks on the afternoon of September 2, 2004 and that Judge Brooks signed them that same afternoon. Detective Warenzak also testified that defendant was given a copy of the search warrant before he was taken to the police station. Judge Brooks testified at the hearing that he has no memory of the incident and that he could not tell the Court whether the date written on the search warrant and affidavit is correct or not.

After carefully considering the evidence and the argument of the parties, the Court finds that the search warrant and affidavit were signed on September 2, 2004 and that Judge Brooks inscribed an incorrect date. Misdating is a common mistake, and the evidence presented suggests that is what happened in this case. The Court therefore finds that defendant's motion to suppress on this ground should be DENIED.

## B.    No Exigent Circumstances

Because the Court has found that the search warrant was executed before the search took place, there is no need to consider defendant's argument that exigent circumstances did not exist to authorize a warrantless search. Therefore, the Court finds that defendant's motion to suppress on this ground should also be DENIED.

## C.    Probable Cause

Defendant also argues that the affidavit did not establish probable cause for the issuance of the search warrant. The Constitution protects citizens against "unreasonable searches and seizures" and provides specifically that no search warrant shall issue except "upon probable cause." U.S. Const. Amend. IV. The Supreme Court has made clear that a search is based upon probable cause if "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). That probability need not arise from direct observation but may be inferred from the circumstances involved. United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990); United States v. Lockett, 674 F.2d 843, 846 (11th Cir. 1982). In considering an application

for a search warrant, the court is to consider the *totality of the evidence*, not atomize the affidavit into discreet factual averments and analyze the significance of each separate fact in a vacuum. United States v. Ventresca, 380 U.S. 102 (1965). The role of the Court is not to make a *de novo* determination of probable cause, but to evaluate whether the issuing judge had a substantial basis for finding probable cause. Gates, 462 U.S. at 238-39.

The information relayed by Detective Warenzak to Judge Brooks was clearly sufficient to establish a substantial basis for a probable cause finding. The affidavit provided that a reliable CI had personally seen, within 48 hours, three pounds of marijuana in defendant's residence. The CI's reliability is clearly established in the affidavit. Even defendant does not contest that the affidavit itself establishes probable cause.

What defendant does argue, however, is that he is entitled to additional information about the CI because Detective Warenzak may have omitted certain relevant information about the CI – such as his criminal history or that he had a personal vendetta against defendant. Therefore, defendant has sought, in a contemporaneously filed motion for discovery,

information regarding the informant and his credibility so that he can challenge the CI's credibility. The Court heard the argument of counsel at the evidentiary hearing and denied defendant's motion for disclosure of the informant's identity, finding that he was not entitled to such information.[1]

Defendant also sought to explore these matters at the hearing. While there is no ban on challenging the veracity of a search warrant affidavit that is otherwise facially sufficient, it is well settled that there is no automatic right to make such a challenge. 2 Wayne R. LaFave, Search and Seizure § 4.4(d) at 503 (3d ed. 1996). A defendant making a challenge outside the four corners of the warrant is entitled to a hearing only if he "makes a substantial preliminary showing that a false statement knowingly, and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Given the presumption of validity accorded to search warrant affidavits, the Franks Court insisted that the defendant

---

[1]The government confirmed that the CI would not be called as witness at trial because he had knowledge only about the marijuana seen at the residence, not the guns that form the basis of the federal charges.

meet a number of requirements before his challenge to the veracity of an affidavit could be heard:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they must be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Id. at 171. Defendant has not made the required preliminary showing. Further, the only allegation he makes to support his need for more information about the CI is that discovery might reveal that the CI has a prior criminal history or that he might have had some vendetta against the defendant. Such speculations do not amount to a sufficient Franks showing. For that reason, the Court did not allow defendant to delve outside the four corners of the affidavit at the hearing and has limited its review of the affidavit accordingly.

Because the Court finds that the affidavit clearly established probable cause for the issuance of the search warrant, the Court finds that defendant's motion should be DENIED on this ground.

## D.   FALSE INFORMATION

Lastly, defendant argues that the affidavit contained false information. As explained above, pursuant to the Supreme Court's decision in Franks, 438 U.S. at 154, a defendant may challenge the truthfulness of factual statements made in an affidavit supporting the warrant.  To do so, however, a defendant must first make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit."  Id. at 155-56.  "[I]f the allegedly false statement is necessary to the finding of probable cause," then the defendant is entitled to a hearing, at which time he is given the opportunity to establish, by a preponderance of the evidence, that the false statement was knowingly or recklessly made. Id. at 156.

In his motion, defendant claims that two false statements are contained in the affidavit.  First, defendant points out that while the

affidavit states that the CI observed drugs in the defendant's residence, Detective Warenzak testified in Recorder's Court that the CI observed defendant selling drugs. The Court does not see how the statement in the affidavit is factually inconsistent with Detective Warenzak's subsequent statement made in Recorder's Court. Defendant has not established that the statement in the affidavit is actually false.

Second, defendant points out that in his affidavit, Detective Warenzak describes defendant as weighing 205 pounds. At arrest, however, defendant claims that he weighed 260 pounds. Defendant speculates that the weight of 205 pounds was obtained from his driver's license, which was seized at the time of his arrest. In fact, defendant's driver's license does estimate his weight at 205 pounds. The affidavit itself actually reveals from where the information was derived. Detective Warenzak explains that he "was able to obtain a booking photo from the Chatham County Detention Center of Bruce Timothy Jones 8/30/66, [social security number], 6'1, 205, Blk, Brn." Whether the booking information was derived from motor vehicle records is unclear. Regardless of the source of this information, defendant has not shown that the false statement was made knowingly, intentionally, or with

reckless disregard for the truth. Defendant also has not shown that his weight was necessary to Judge Brooks' finding of probable cause. Accordingly, the Court finds that the motion to suppress should be DENIED on this ground.

## III.   CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the motion to suppress be DENIED.

**SO REPORTED AND RECOMMENDED** this 17th day of May, 2005.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA          *

           vs.          *          CASE NO.  CR405-21

Bruce Jones          *

                       *

                       *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1.      Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below;
      and

2.      That the aforementioned envelope(s) contain a copy of the documents known as
      Order _____ dated 5/17/05 _____, which is part of the official records of this case.

Date of Mailing:   5/18/05 _____

Date of Certificate:  5/18/05 _____


SCOTT L. POFF, CLERK

By  _____
:    JGB

NAME:

1.  Elliot Durham, P.O. Box 2784, Savannah, GA 31402

2.  Bruce Jones, 1050 Carl Griffin Dr., Savannah, GA 31405

3.  _____

4.  _____

5.  _____

6.  _____

7.  _____

| Cert/Copy | | | Cert/Copy | | |
|---|---|---|---|---|---|
| ☐ | ☐ | District Judge | ☐ | ☐ | Dept. of Justice |
| ☐ | ☒ | Magistrate Judge | ☐ | ☐ | Dept. of Public Safety |
| ☐ | ☐ | Minutes | ☐ | ☐ | Voter Registrar |
| ☐ | ☐ | U.S. Probation | ☐ | ☐ | U.S. Court of Appeals |
| ☐ | ☐ | U.S. Marshal | ☐ | ☐ | Nicole/Debbie |
| ☐ | ☒ | U.S. Attorney | ☐ | ☐ | Ray Stalvey |
| ☐ | ☐ | JAG Office | ☐ | ☐ | Cindy Reynolds |