ORIGINAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. CR405-21 |
| ) | |
| BRUCE TIMOTHY JONES, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion for leave to file an out of time motion to suppress. Doc. 41. In his motion, defendant seeks leave to file a motion to suppress some 68 days after the deadline for filing pretrial motions passed. As the basis for filing a new motion to suppress, defendant now argues that (1) contrary to the government's contention, he did not make any statements to government agents at the time of his arrest; (2) if he did make any statements to government agents, he was not first given his Miranda warnings; and (3) if he was given his Miranda warnings and those rights were waived, any waiver was not knowing and voluntary.

The motion for leave should be DENIED. First, defendant has made no attempt to excuse the untimeliness of his filing. Moreover, it is clear to the Court that the arguments now being raised by defendant could have been raised within the motions deadline. Defendant has long been aware whether he made statements at the time of his arrest and if he was advised of his <u>Miranda</u> rights. Any attacks on the knowing or voluntary nature of the waiver of those rights also could have been raised earlier.

At defendant's arraignment, which was held on March 25, 2005, the Court set a ten-day deadline for pretrial motions and stressed both on the record of that proceeding and in its written scheduling order the importance of complying with that deadline. The Court specifically informed counsel that motions filed outside the deadline would not be considered absent a showing of good cause to excuse their untimeliness. Defendant has not made such a showing, having pointed to no new facts or evidence that came to light after the motions deadline. Nor has defendant cited any legal authority from this or any other jurisdiction that was handed down after the period for motions closed.

When a defendant fails to file a pretrial motion within the deadline set by the Court, he waives his right to assert it. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see also Fed. R. Crim. P. 12(c) (granting district courts authority to set time for filing pretrial motions). While the Court may grant relief from such a waiver upon a showing of good cause, defendant has not demonstrated cause for the untimeliness of his motion. Smith, 918 F.3d at 1509; Fed. R. Crim. P. 12(f). The motion should therefore be DENIED as untimely.

Moreover, even if the Court were to excuse the untimeliness, defendant's motion to suppress would be denied because it lacks merit.[1] At the hearing to consider defendant's earlier motion to suppress held on May 11, 2005, Detective Joey Warenzak testified that after defendant was arrested, he was read his Miranda rights, including his right to remain silent and to have counsel represent him. According to Detective Warenzak, after being read his rights, defendant stated that he was college-educated and that he understood his rights. Detective Warenzak stated that defendant appeared to understand, was not under the influence of

---

[1]The Court's consideration of the merits of defendant's motion does not excuse its waiver. United States v. Milian-Rodriguez, 828 F.2d 679, 683 (11th Cir. 1987).

intoxicants, was responsive, and did not appear to be confused or under duress. After reading him his rights, Detective Warenzak began questioning defendant, and defendant responded with incriminating statements. No contrary evidence was offered by defendant, nor was Detective Warenzak's testimony challenged. His testimony refutes every claim that defendant now attempts to assert—that defendant did not make incriminating statements at his arrest, that <u>Miranda</u> warnings were not given, and that defendant did not understand his rights or voluntarily respond to Detective Warenzak's questions. The motion—even if considered on its merits—should be denied.

For the foregoing reasons, the Court RECOMMENDS that the motion for leave be DENIED.

**SO REPORTED AND RECOMMENDED** this 21st day of June, 2005.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA