UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRUCE TIMOTHY JONES )
)
    Movant, )
)
v. ) Case No. CR 405-021
)
)
UNITED STATES OF AMERICA, )
)
    Respondent )

## ORDER

Before the Court are Bruce Timothy Jones' Motion to Reduce Sentence (Doc. 79), Motions for a New Trial (Doc. 80, 84), and Motion for Writ of Error/Coram Nobis (Doc. 85).

However, because the Motions for a New Trial do not appear to be based on newly discovered evidence and were filed more than seven days after Jones was found guilty of the relevant charge, Jones' Motions for a New Trial are untimely and the Court will not grant them. See Fed. R. Crim. P. 33. In addition, the Court will not grant Jones' Motion for a Reduced Sentence, as no clear error was alleged within seven days of Jones' sentencing and the Government has not moved to reduce Jones' sentence. See Fed. R. Crim. P. 35. With respect to Jones' Motion for a Writ of Error/Coram Nobis, the Court will not grant this motion because coram nobis relief is not available to a petitioner who remains in custody. United States v. Garcia, 181 F.3d 1274 (11th Cir. 1999); United States v. Brown,

1

117 F.3d 471, 475 (11th Cir. 1997); United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error coram nobis is a remedy to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.").

Notwithstanding the defects in Jones' motions described above, the Court is mindful of its obligation to "look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Thus, in lieu of granting Jones' motions, pursuant to Castro v. United States, 540 U.S. 375 (2003), the Court intends to recharacterize the claims alleged in these four Motions as one Motion to Vacate, Set Aside, or Correct Jones' Sentence filed pursuant to 28 U.S.C. § 2255.

A one-year limitation period applies to motions filed under § 2255. See 28 U.S.C. § 2255(f). Based on the facts presently before it the Court concludes that the limitations period is likely to run from June 11, 2007, the date Jones' conviction became final.[1] Thus if Jones wishes to file a motion amending the Motions currently before the Court, or to withdraw those Motions and file a separate motion pursuant to § 2255, he should do so in a timely fashion by

---

[1] Jones' appeal was denied on March 12, 2007, and his conviction became final ninety days later. See 28 U.S.C. § 2255(f)(1); Dodd v. United States, 365 F.3d 1273, 1275 n. 1 (11th Cir. 2004) (once the ninety-day period during which an appellant could have filed a petition for certiorari expires, his or her conviction becomes final).

depositing such motion or motions in his institution's legal mail system on or before June 20, 2008.

In summary, Jones is **HEREBY WARNED** of the following:

First, this Court intends to recharacterize all of the motions currently before it as one Motion to Vacate, Set Aside, or Correct Jones' Sentence, filed pursuant to 28 U.S.C. § 2255.

Second, if Jones wishes to file a motion amending the Motions currently before the Court, or to withdraw those Motions and file a separate motion pursuant to § 2255, he must do so in a timely fashion by depositing such motion or motions in his institution's legal mail system on or before June 20, 2008. If he fails to do so, any claims not already contained in the Motions currently before the Court may be barred pursuant to the applicable statute of limitations reflected in 28 U.S.C. § 2255 (f).

Third, any claims not included in the currently pending Motions or promptly submitted to this Court on or before June 20, 2008[2] will be considered "second or successive [section 2255] motion[(s) and will have to . . . ] be certified as provided in section 2244 by a panel of the appropriate court of appeals." Pursuant to 28 U.S.C. § 2255(h). In order for this Court to hear such a successive motion, the Court of Appeals would have to certify that either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

---

[2] That is, by Jones' depositing such motion or motions in his institution's legal mail system on or before June 20, 2008.

3

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255(h).

**SO ORDERED.**

*[signature: John F. Nangle]*

---
**JOHN F. NANGLE**
**UNITED STATES DISTRICT JUDGE**

Dated: June 6, 2008