UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BRUCE TIMOTHY JONES | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CR 405-021 |
| | ) | CV 408-112 |
| | ) | CV 408-119 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

# ORDER

Before the Court are Bruce Timothy Jones' Motion for Reconsideration of the Court's Order Denying his Motion for a Writ of Error/Coram Nobis (Doc. 88; CR 405-21); Petition for Writ of Habeas Corpus Pursuant to Title 28 of the United States Code, Section 2241, with an accompanying Application to Proceed Without Prepayment of Fees (Docs. 1&2; CV 408-112); and Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Section 2255 of Title 28 (Doc. 1; CV 408-119).

On June 6, 2008, this Court entered an order addressing several motions filed by Jones. (Doc. 87; CR 405-21). Each of these motions (captioned variously as a Motion for a New Trial, Motion for Reduced Sentence, and Motion for Writ of Error/Coram Nobis) related to Jones' conviction in case number CR 405-021. (Docs. 79, 80, 84, 85; CR 405-21). The Court did not grant Jones' motions. (Doc. 87; CR 405-21). Instead, pursuant to Castro v. United States, 540 U.S. 375 (2003), the Court notified Jones of its

1

intent to recharacterize the claims alleged in these four Motions as one Motion to Vacate, Set Aside, or Correct Jones' Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 87; CR 405-21). Based on the facts then before it, the Court estimated, with respect to Jones' conviction in case number CR 405-021, that the one-year limitation period applicable § 2255 motions would likely run from June 11, 2007, and advised Jones that if he wished to file a motion amending the claims in the then-pending Motions, he should do so in a timely fashion by depositing such motion or motions in his institution's legal mail system on or before June 20, 2008. (Doc. 87; CR 405-21). The Court issued Jones the standard Castro warnings, including the following:

> any claims not included in the currently pending Motions or promptly submitted to this Court on or before June 20, 2008[1] will be considered "second or successive [section 2255] motion[(s) and will have to . . . ] be certified as provided in section 2244 by a panel of the appropriate court of appeals" pursuant to 28 U.S.C. § 2255(h).

(Id.)

Jones responded to this Court's June 6 order with the four filings currently pending. The Court addresses each of them in turn.

### I. Motion for Reconsideration

In his Motion for Reconsideration, Jones asks this Court to reconsider its denial of a writ of error/coram nobis. He cites United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) in support of his claim that this Court should permit him to seek coram nobis relief from his federal sentence because "he is petitioning to have a void [state] conviction

---

[1] That is, by Jones' depositing such motion or motions in his institution's legal mail system on or before June 20, 2008.

2

vacated, . . . [he has] served his sentence[,] and [is] no longer in custody on the conviction." (Doc. 85; CV 405-21).

In Peter, the Eleventh Circuit stated that "[a] writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." Peter, 310 F.3d at 712. However, nothing in this holding permits Jones to seek coram nobis relief while he is still in custody. See id. Indeed, Peter neither appealed nor filed a §2255 motion, and once he had served his sentence and finished his supervised release, Peter had no other avenue for relief except coram nobis. Peter, 310 F.3d at 711. Jones, by contrast, is still in custody and has a § 2255 motion pending before this Court. Under the circumstances, this Court sees no reason to revisit its decision to deny Jones' petition for writ of error coram nobis.

Accordingly, Jones Motion to Reconsider is **HEREBY DENIED.**

## II. Petition for Writ of Habeas Corpus and IFP Application

The so-called savings clause of Title 28, Section 2255 states that

> [a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. Jones avers that he first submitted a petition for a writ of habeas corpus to this Court on June 9, and later filed a motion pursuant to § 2255. (Doc. 3; CV 408-112).

3

Accordingly, because Jones failed to apply for relief pursuant to § 2255 prior to filing his § 2241 habeas petition, the Court will not entertain his habeas petition.

The Court notes that Jones claims that § 2255 is "inadequate or ineffective to test the legality of his detention" because Jones "wish[es] to attack entire conviction as unjust/illegal based on the evidence and violations of law as well." (Doc. 1; CV 408-112). The Eleventh Circuit holds that § 2255 is considered "inadequate or ineffective" when the petitioner's claim:

> 1) . . . is based upon a retroactively applicable supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999). Jones presents nothing to the Court suggesting that his claim falls within § 2255's savings clause as defined by the Eleventh Circuit. Accordingly, Jones' Petition for Writ of Habeas Corpus and Application to Proceed In Forma Pauperis are **HEREBY DENIED**.[2]

However, the Court is mindful of its obligation to "look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Thus, in lieu of granting Jones' habeas petition, pursuant to Castro v. United States, 540 U.S. 375 (2003), the Court intends to recharacterize the claims and allegations in Jones' §

---

[2] The **Clerk of Court** is **HEREBY DIRECTED** to close case numbered CV 408-112. Should Jones file papers captioned with this case number, the **Clerk of Court** is **HEREBY DIRECTED** to docket them under case number **CR 405-21**.

4

2241 filing and his Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Section 2255 of Title 28 (Doc. 1; CV 408-119), along with those previously alleged in Jones' Motion to Reduce Sentence (Doc. 79; CR 405-21), Motions for a New Trial (Doc. 80, 84; CR 405-21), and Motion for Writ of Error/Coram Nobis (Doc. 85; CR 405-21) as single a Motion to Vacate, Set Aside, or Correct Jones' Sentence filed pursuant to 28 U.S.C. § 2255. See infra Section III; (see also Doc. 87; CR 405-21).

As the Court noted in its June 6 Order, a one-year limitation period applies to motions filed under § 2255. See 28 U.S.C. § 2255(f); (Doc. 87; CR 405-21). In its prior order this Court, based on the facts then before it, concluded that the limitations period was likely to run from June 11, 2007. Jones now presents the Court with facts previously unknown to it, namely that Jones petitioned the Supreme Court for a writ or certiorari, which writ was denied on October 1, 2007. See Bruce Timothy Jones v. United States, No. 07-5968 (cert. denied Oct. 1, 2007); (Doc. 3; CV 408-112). Thus Jones' conviction became final on October 1, 2007.[3] If Jones wishes to file a motion amending the claims and allegations in the Motions currently before the Court, or to withdraw those Motions and file a separate motion pursuant to § 2255, he should do so in a timely fashion by depositing such motion or motions in his institution's legal mail system on or before October 1, 2008.

---

[3] The Supreme Court has indicated that convictions become final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. See Dodd v. United States, 365 F.3d 1273, 1275 n. 1 (11th Cir. 2004) (citing Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987)).

The Court cautions Jones that it will not entertain multiple motions to amend the recharacterized § 2255 motion. If Jones wishes to withdraw the recharacterized motions, he shall caption the motion under case number CR 405-21 as a "Motion to Withdraw Prior § 2255 Filings" and then file a separate motion captioned under case number CR 405-21 as a "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255." If instead Jones wishes to file a single motion to amend his prior filings, he shall caption the motion under case number CR 405-21 as a "Motion to Amend Prior § 2255 Filings."

In summary, Jones is **HEREBY WARNED** of the following:

First, this Court intends to recharacterize all of the Motions currently before it as one Motion to Vacate, Set Aside, or Correct Jones' Sentence, filed pursuant to 28 U.S.C. § 2255.

Second, if Jones wishes to file a motion amending the Motions currently before the Court, or to withdraw those Motions and file a separate motion pursuant to § 2255, he must do so in a timely fashion by depositing such motion or motions in his institution's legal mail system on or before October 1, 2008. If he fails to do so, any claims not already contained in the Motions currently before the Court may be barred pursuant to the applicable statute of limitations reflected in 28 U.S.C. § 2255 (f).

Third, any claims not included in the currently pending Motions or promptly submitted to this Court on or before October 1, 2008[4] in a single separate § 2255 motion

---

[4] That is, by Jones' depositing such motion or motions in his institution's legal mail system on or before October 1, 2008.

6

or motion to amend will be considered "second or successive [section 2255] motion[(s) and will have to . . . ] be certified as provided in section 2244 by a panel of the appropriate court of appeals" pursuant to 28 U.S.C. § 2255(h). In order for this Court to hear such a successive motion, the Court of Appeals would have to certify that either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255(h).

### III. Application for Leave to File a Second or Successive § 2255 Motion

Also pending is Jones' Application for Leave to File a Second or Successive § 2255 Motion. (Doc. 1; CV 408-119). Jones' Application is not properly before this Court. Per Title 28, Section 2255, such applications must be properly certified by the Court of Appeals. In addition, as explained above, Jones' Application, even were it filed before the appropriate court, is premature, as the applicable statute of limitations for filing § 2255 claims has not yet expired. See supra Section II. Jones has until October 1, 2008 to withdraw and resubmit or to amend the Motions and Application currently before this Court, the substance of each of which has been recharaterized as a § 2255 motion. As a result, Jones' Application for Leave to File a Second or Successive § 2255 Motion is

**HEREBY DENIED.**[5]  However, as noted above, the Court intends to recharacterize the claims and allegations contained therein as part of Jones' § 2255 motion.  See supra Section II.  The information and warnings contained in Section II of this Order apply identically to the substance of this Application.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JOHN F. NANGLE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: August 9, 2008

---

[5] The **Clerk of Court** is **HEREBY DIRECTED** to close case numbered CV 408-119. Should Jones file papers captioned with this case number, the **Clerk of Court** is **HEREBY DIRECTED** to docket them under case number **CR 405-21**.