# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

BRUCE TIMOTHY JONES,           )
                               )
    Movant,                    )
                               )
v.                             )   Case No.  CV408-235
                               )               CR405-021
UNITED STATES OF AMERICA,      )
                               )
    Respondent.                )

## **REPORT AND RECOMMENDATION**

Bruce Timothy Jones moves this Court for 28 U.S.C. § 2255 relief. CR405-012, doc. 95; 408CR-235, doc. 1. Previously, he sought § 2255-level relief in various post-judgment motions that he filed in multiple cases. *Jones v. United States*, CR405-021, CV408-112 and CV408-119. The Court refused to reach those motions and *"Castro*-advised"[1] him that it was recharacterizing the motions as one 28 U.S.C. § 2255 motion which Jones could, at his option, timely resubmit. *Jones*, CV408-113

---

[1] Savvy defendants appreciate that they generally are limited to just one post-conviction § 2255 motion. To try and avoid that limitation, some file post-conviction motions under a different name (e.g., "coram nobis" or a home-brewed label) or statute (e.g., 28 U.S.C. § 2241). Courts place substance over nomenclature by recharacterizing as a § 2255 motion what in reality is a § 2255 motion. But judges must first warn the defendant and give him a chance to withdraw or amend the motion, lest he fire his one shot without aiming. *Castro v. United States*, 540 U.S. 375, 382-83 (2003); *United States v. Schery*, 2009 WL 1014933 at * 2 (11th Cir. April 16, 2009) (unpublished); *United States v. Austin*, 322 F. App'x 940, 942 (11th Cir. 2009).

(doc. 5 at 7-8). He did. CR405-021 (doc. 95); CV408-235 (doc. 1). The government opposes. Doc. 103.[2] The Court should **DENY** Jones's § 2255 motion.

I. **BACKROUND**

Jones was arrested by Savannah-Chatham County Metropolitan Police Department officers on September 2, 2004, after the execution of a state search warrant at his residence. Doc 75 at 11-13.[3] The warrant was primarily based on information provided to the police by a confidential informant. Doc. 38 at 3-6. Jones was then federally indicted for one count of possession of a firearm by a convicted felon, 18 U.S.C. §922(g). Doc. 1. He moved to suppress the "search evidence" plus statements that he had made to arresting officers. Docs. 26, 36, 41. Following an evidentiary hearing, this Court denied his motion.[4] Docs.

---

[2] The Court hereafter will refer only to CR405-021 documents.

[3] Only the first page of the transcript is E-filed at doc. 75, but the Court is citing to the actual paper copy and thus its "paper pagination."

[4] This Court found that in early September 2004, a "Detective Warenzak" executed an affidavit in application for a search warrant to search defendant's residence. Warenzak relied on a confidential informant who advised him that Jones possessed three pounds of packaged marijuana. Based on that and other information, Warenzak presented his affidavit in application for search warrant to Recorder's Court Judge Charles Brooks, who found sufficient probable cause for issuance of a search warrant.

> The search warrant and the affidavit were signed, and bear the date September 3, 2004. Detective Warenzak testified at the hearing that Judge

38, 42, 45, 46. A jury convicted him, docs. 58, 65, & 76, he was sentenced to 103 months and 5 days, docs. 69, 71, & 74, then unsuccessfully appealed. Here is the entire Eleventh Circuit opinion:

> Brooks *misdated the search warrant and affidavit, and he stated that they were actually presented to the judge and signed on September 2, 2004.* Judge Brooks also testified and stated that he had no recollection of the search warrant or affidavit and acknowledged that he does sometimes make mistakes.
>
> A search of defendant's residence was conducted on September 2, 2004. . . . The officers discovered [Jones] in a bedroom in the center of the house. He was immediately handcuffed. . . . The search revealed 4.5 pounds of marijuana in the couch of the middle bedroom where defendant had been found. The officers also recovered two firearms – one on the couch where the drugs were discovered, the other inside the couch with the drugs. Also found were two sets of digital scales and over $6,000.00 in cash.
>
> Defendant and . . . two females [found in his house] were arrested. At the police station, officers read defendant his *Miranda* rights. Detective Warenzak stated that defendant appeared to understand those rights. [Jones] informed Detective Warenzak that he was college educated. Defendant did not appear to be under the influence of any intoxicants. When Detective Warenzak questioned [him] about the drugs and guns, defendant claimed ownership. Defendant also admitted that some of the money found was drug proceeds.

Doc. 38 at 3-6. The above events (though mention of the informant was omitted) for the most part were retraced at trial. Doc. 75 at 11 ("Q. I want to direct your attention to September 2nd of 2004, last year, and ask you if you participated in executing a search warrant at 109 West 41st Street in Savannah? A. I did. Q. Were you a member of a team executing that warrant?. . . ."). Jones unsuccessfully challenged (via motion to suppress) at the trial and appellate court levels his statements to the police (*Miranda* claim) and the search warrant date mix-up; plus he sought the informant's identity, to no avail. Among the rulings against him, this Court found "that the search warrant and affidavit were signed on September 2, 2004 and that Judge Brooks inscribed an incorrect date. Misdating is a common mistake, and the evidence presented suggests that is what happened in this case." Doc. 38 at 7, *adopted*, doc. 45, *aff'd*, *Jones*, 219 F. App'x at 952.

3

A jury found appellant Bruce Timothy Jones ("Jones") guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Jones then perfected this appeal.

Jones presents the following issues for appellate review:

1. Whether the district court erred in denying Jones's motion to suppress evidence on his claims that the [September 3, 2004-dated] warrant was issued after the [September 2, 2004] search and lacked probable cause.

2. Whether the district court erred in denying Jones's motion to suppress statements he made to police officers.

3. Whether the district court erred in refusing to compel disclosure of the identity of a confidential informant.

4. Whether the district court improperly sentenced Jones by

> (a) using allegedly invalid prior convictions to calculate his base offense level and criminal history category,
>
> (b) using facts not pled or proven to the jury to enhance his base offense level and calculate his criminal history category, in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and
>
> (c) using his prior convictions to enhance his sentence, in violation of the Double Jeopardy Clause.

5. Whether the indictment should have been dismissed for pre-indictment delay under the Speedy Trial Act, 18 U.S.C. § 3161.

After reviewing the record and reading the parties' briefs, we conclude there is no merit to any of Jones' arguments.

*United States v. Jones*, 219 F. App'x 952 (11th Cir. 2007) (per curiam).

## II. <u>ANALYSIS</u>

Jones presents a few claims which, as is explained below, are simply baseless. Most of the rest, however, are either procedurally defaulted[5] or subject to denial under law-of-the-case principles. Those finality-based doctrines encompass all direct-appeal claims, including those reached by implication, absent extraordinary circumstances.

---

[5] A criminal defendant who fails to object raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816, (1982); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir.1994). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule, or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir.1997); *see also United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir.2000) (holding that only a meritorious ineffective assistance of counsel claim may constitute cause), *cert. denied*, 531 U.S. 1131, 121 S.Ct. 892, 148 L.Ed.2d 799 (2001). In order to establish that a failure to review a defaulted claim will result in a fundamental miscarriage of justice, Movant must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

*Hearing v. United States*, 2009 WL 1849947 at * 2 (N.D. Ga. June 26, 2009) (unpublished).

5

*United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Under *Nyhuis*, which essentially enforces the law-of-the-case doctrine, arguments raised on direct appeal simply cannot be repackaged in different form on collateral attack. *Id.*

Still, on nomenclature the Eleventh Circuit has been less than conclusive: "As a threshold matter, we have *not yet* applied the law of the case doctrine *by name* in the context of a § 2255 motion, as a bar to review of a claim first raised on direct appeal." *Thomas v. United States*, ___ F.3d ___, 2009 WL 1856048 at *3 (11th Cir. June 30, 2009) (emphasis added and in original). "Nonetheless," that court continued, "we have held that '[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.' *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)." *Id.*

*Thomas* did not illuminate the dividing line between motions that bring the "same claim, different day" (hence, deny it) versus a materially different claim (hence, consider it). But *Nyhuis* provides useful guidance: "We can discern no fact or other evidence underlying the present due process claim which was not raised by Nyhuis [on direct appeal] and [thus] considered by us in his prior immunity claim." *Nyhuis*, 211 F.3d

6

at 1343.  Also, "Nyhuis has merely re-characterized his prior immunity claim as a due process claim. A rejected claim does not merit rehearing on a different, but *previously available*, legal theory." *Id.* (emphasis added).

Here Jones has failed to show any extraordinary circumstances, but instead has simply filed repetitive briefs on, for the most part, *Nyhuis*-barred or otherwise procedurally defaulted issues.  The Court thus declines to consider his § 2255 claim that the search warrant in his case was issued after the search (wherein he seeks to exploit what this Court found to be a state court magistrate's simple clerical mistake on the warrant's issue date, *see supra* n. 4).  This issue was litigated before both the trial and appellate courts.  *See* doc. 75 at 8-10 (trial colloquy discussing the entire claim, its pretrial disposition, and its preservation by placing the disputed warrant in the record), doc. 103-2 at 11-14, 18-23; *Jones*, 219 F. App'x at 952.  Jones has merely repackaged it here with minor if not irrelevant variations.  The same must be said for nearly all of the rest of his claims (double jeopardy, etc.).

Thus, the Court denies the claims presented in doc. 95 at 24[6] (Ground One) (derivation of search warrant claim); *id.* at 25 (Ground Two) (derivation of double jeopardy claim); *id.* at 25 (Ground Three) (search warrant again); *id.* at 26-27 (Ground Four) (variant of probable cause argument raised on appeal); *id.* at 27-28 (Ground Five) (search warrant issue again, this time with voluntariness of Jones's statements to police intermixed)[7]; *id.* at 28-29 (Grounds Six and Seven) (informant's identity, *see supra* n. 4 regarding the informant's role in this case -- this claim is substantively the same as issue "3" in *Jones*, 219 F. App'x at 952, only this time Jones has blended it with a conclusory and thus rejectable ineffective assistance of counsel (IAC)[8] claim: "Trial atty [sic] failed to

---

[6] Inexplicably, Jones has filed his lengthy § 2255 motion in a disjointed fashion, with grounds One through Six appearing as an "attachment" and thus physically at the end of his motion, CM/ECF screen pages 24-28, and the rest of this claims (i.e., Gounds Seven onward) starting at screen page 7.

[7] This was raised in his direct appeal brief. *See, e.g.*, 103-2 at 32 (" While the testimony of Officer Warenzak suggests that Mr. Jones had been administered, and waived, his *Miranda* rights prior to allegedly making the statements, Mr. Jones contends that such a waiver, if it occurred, was not knowing and voluntary.").

[8] In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

appeal this denial successfully"); *id.* at 7-8 (Ground Eight) (search warrant derivation claim); *id.* at 8-9 (Ground Nine) ("Court unconstitutionally interfered with defense" -- here Jones is simply unhappy with trial court rulings -- the *essence* of what one must complain of on direct appeal, and he did); *id.* at 10-12 (Grounds Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen and Twenty-Eight) (all search warrant and/or "undisclosed informant" derivation claims).

---

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "no competent counsel would have taken the action that his counsel did take." *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). The prejudice prong requires movants to establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

Finally, self-serving and conclusory IAC claims do not merit a hearing, much less § 2255 relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland* test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

In Ground Sixteen Jones *sort of* raises an IAC claim against his trial attorney (blended with an unfounded, conclusory and thus baseless equal-protection claim, *see supra* n. 8): "defendant detrimented [sic] by his atty's [sic] failure to move to acquit." Doc. 95 at 12. He elaborates under his "Supporting Facts": "Atty [sic] was to move to acquit on ground of illegal search, service and unlawful arrest, failure to do so denied defendant equal protection under the law." *Id.*

Of course, such self-serving and conclusory claims do not merit a hearing, much less § 2255 relief. *See supra* n. 8. On those same grounds, the Court denies Ground Thirty ("[d]efendant convicted due to ineffective assistance of counsel"), for which Jones supplies nothing other than a sweeping conclusion ("[t]he defendant's counsel was ineffective in/under all grounds aforementioned," doc. 95 at 21). Note, too, that Jones again pins the § 2255 relief that he now seeks on the "search warrant" issue: "Atty [sic] was to move to acquit on ground of illegal search, service and unlawful arrest . . . ." Doc. 95 at 12. This is the same claim smuggled under an IAC cover. It therefore also is "*Nyhuis*"denied, as are Grounds Twenty Five and Twenty-six, doc. 95 at 19-20 (same claim, rehashed).

Ground Seventeen ("Court erred in denying defendant's pro se motions") is denied because this Court does not tolerate hybrid representation, and that is, in essence, what Jones now complains about being denied. Doc. 95 at 13; *see* 9 FED. PROC., L. ED. § 22:622 (*Right to hybrid representation*) ("the right to counsel and to represent oneself cannot be exercised at the same time") (Sept. 2008); *United States v. Holt*, 2009 WL 1241080 at * 1 (M.D.Ga. May 4, 2009) (unpublished).

Claim Eighteen ("Defendant detrimented [sic] by ineffective/lack of *Jackson-Denno* motion & appeal") is also *Nyhuis*-barred, as Jones here is simply unhappy with his attorney's efforts at suppressing his statements to police. Yet, this ground was covered by issue 2 on appeal, and Jones cannot slip it past the *Nyhuis* bar as an IAC claim because, as the government points out, Jones denied making such statements at all. Doc. 46 at 44. Hence, he can show no prejudice (*see supra* n. 8 (IAC "prejudice" standard)) by the lack of a pretrial ruling on the voluntariness of statements he denied he ever made.

Ground Nineteen ("Conviction obtained contrary to self-incrimination, coerced confession rights") is likewise *Nyhuis*-barred. *See Jones*, 219 F. App'x at 952 (same issue raised on appeal, decided against

11

him). Ground Twenty ("defendant detrimented [sic] by attorney's failure to file for new trial") is also denied because Jones fails to show any sort of prejudice (*see supra* n. 8 (IAC "prejudice" standard)) from his trial attorney's failure, for example, to "file for new trial." Doc. 95 at 14. Movant's "*Brady*" violation claim (contained within Ground Twenty) is simply a rehash of his "late-dated search warrant" claim and thus is denied on *Nyhuis* grounds, too.

Ground Twenty-One ("Appellate court erred in affirming conviction"), doc. 95 at 14-15, is frivolous for it is merely a generic disagreement with that court's reasoning, without *any* attempt to show constitutional or other § 2255-level error, as is Ground Twenty-Two, doc. 95 at 15 ("Defendant denied opportunity to participate in defense"), as this is a rehash of movant's "hybrid representation" claim rejected above.

In Ground Twenty-Three, Jones complains that his sentence was unlawfully enhanced. Doc. 95 at 15-16. Yet, he fails to cite to any prior convictions that have "come undone" or otherwise show them to be constitutionally infirm. This claim, too, is rejected. The same result

applies to Ground Twenty-Four, doc. 95 at 18-19, which is simply a rehash of the same claim.

Ground Twenty-Seven requires a brief factual recapitulation. The police found multiple guns during their search. Doc. 75 at 17-18. The jury verdict in this case read: "We, the jury, find the defendant, Bruce Timothy Jones, guilty as to Count 1. So, say we all, signed by Mr. Eddie Dennis, Jr., as the foreperson. Dated 9/12/05." Doc. 65; doc. 75 at 100. The government indicted Jones for -- while a felon -- knowingly and willfully possessing "firearms, those being, a Hi-Point .40 caliber pistol, serial number 110787, and a Charter Arms Bulldog model .44 caliber pistol serial number 1037113 . . . ." Doc. 1 at 1-2. Jones now complains that the trial judge failed to instruct the jury on *which* gun he was alleged to have possessed. Doc. 95 at 20. The trial judge instructed:

> You will note that the indictment, as I recall, charges that the defendant possessed two firearms. It is not necessary for the government to prove the defendant's possession of both firearms. If you find before a reasonable doubt all of the elements as of this offense, all the elements of this offense as I have just defined for you, then the defendant's possession of *one* firearm is *sufficient* to find him guilty of the charge offense. However, if you find that he possessed *only one* of the firearms, then you must, unanimously, as to *which* firearm as to which firearm he possessed before you may return a verdict of guilty.

Doc. 75 at 95 (emphasis added).

Jones complains that the Court failed to instruct, so the jury did not find, *which* gun Jones possessed. This claim is procedurally defaulted because it was not raised on appeal, see doc. 103-2 (Jones's appeal brief); *Frady*, 456 U.S. at 167 (applying cause and prejudice standard for collateral claims not raised on direct appeal), and in any event it is frivolous on the merits, for under the Double Jeopardy Clause Jones could not be convicted for *two* counts of gun possession, *see, e.g.*, *United States v. Hope*, 545 F.3d 293, 296 (5th Cir. 2008) (multiple convictions under 18 U.S.C. § 922(g) for the simultaneous possession of multiple weapons violates the Double Jeopardy Clause), so asking the jury to specify *which* gun Jones possessed would have been pointless; it was only necessary to prove that he possessed *a* gun.

In ground Twenty-Nine Jones raises what the government characterizes as a "CSI defense." Doc. 103 at 14. Jones insists that his conviction cannot stand for lack of "fingerprints or affidavits which place possession of contraband in the hands of the defendant." Doc. 95 at 21. Because this issue has not been raised heretofore and no IAC-cause is

argued, the claim is procedurally defaulted. Jones, for that matter, does not even attempt to show cause and prejudice, *see supra* n. 8.

Jones's follow-up motions and filings, doc. 97 ("Motion for Case Update"); doc. 101 ("Motion to Vacate Void Sentence"); doc. 102 ("Additional Supplement to 2255"); doc. 104 ("Emergency Supplement to 2255 Motion"); doc. 107 ("Supplement to Combined 2254 and 2255 Federal Habeas Corpus") are denied because they advance claims that are either frivolous, *Nyhuis*-barred, futile, or procedurally defaulted. His motion for appointment of counsel (doc. 109) is likewise denied as without merit -- there is no constitutional right to counsel on collateral review, *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009), and Jones has demonstrated that he is able to represent himself. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, the Court should **DENY** motions 95 (his § 2255 motion), 97, 101, 104, 107 & 109. Motion 110 -- Jones's Motion for Reconsideration -- is still pending before the district judge.

**SO REPORTED AND RECOMMENDED** this  28th  day of August, 2009.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA